UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ELGIN W. FIDELL,                    )<br>                                                   )<br>                       Plaintiff,      )<br>                                                   )<br>           v.                                  )     Case No. 4:16-cv-00045-TWP-DML<br>                                                   )<br>NANCY A. BERRYHILL[1], Acting   )<br>Commissioner of the Social Security )<br>Administration,                           )<br>                                                   )<br>                       Defendant.    )   | |

### ENTRY ON JUDICIAL REVIEW

Plaintiff Elgin W. Fidell ("Mr. Fidell") requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying his applications for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), and Supplemental Security Income ("SSI") under Title XVI of the Act. For the following reasons, the Court **REMANDS** the decision of the Commissioner for further consideration.

### I.  BACKGROUND

**A.    Procedural History**

On June 25, 2012, Mr. Fidell filed an application for DIB, and on June 30, 2012, an application for SSI, alleging an amended disability onset date of May 24, 2011, due to back pain. (Filing No. 13-3 at 83.) His applications were denied initially and on reconsideration. (Filing No.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

13 at 32.) In July and December 2014, Mr. Fidell testified at a hearing before an Administrative Law Judge ("ALJ"). (Filing No. 13-3 at 54; Filing No. 13-3 at 70.) On January 23, 2015, the ALJ issued a decision finding that Mr. Fidell was not disabled under the Act. (Filing No. 13.) The Appeals Council denied Mr. Fidell's request for review on January 19, 2016, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (Filing No. 13 at 9.) On March 18, 2016, Mr. Fidell filed this action for judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Filing No. 1.)

**B.     Factual History**

Mr. Fidell was born in November 1963. (Filing No. 13 at 85.) At the time of his alleged amended disability onset date, he was 47 years old, and he was 52 years old at the time of the ALJ's decision. At his hearing, Mr. Fidell testified that he completed schooling through the tenth grade (Filing No. 13-3 at 76). Prior to the onset of his alleged disability, Mr. Fidell had an employment history of working as a fast food worker, pizza delivery driver, machine operator, and tire technician, (Filing No. 13 at 104).

Dr. Shuyan Wang ("Dr. Wang") conducted a consultative examination of Mr. Fidell on August 10, 2012. (Filing No. 13-1 at 33-38.) Mr. Fidell complained of shortness of breath, back pain, and neuropathy that caused him difficulty in walking. (Filing No. 13-1 at 35.) Mr. Fidell stated that he walked with the assistance of a rolling walker. (Filing No. 13-1 at 35.) He told Dr. Wang that with it, he could walk 15 to 20 feet, and without it, about 10 feet. (Filing No. 13-1 at 35.) As relevant here, Dr. Wang made several conclusions:

> When he gives the history, he stated that he can only walk 10 feet without the walker. He seems unable to walk without the walker at all during the examination. It is not consistent with the history (Filing No. 13-1 at 35);
> ….
> I am not sure of the effort for the fine finger manipulation testing… He did not give effort for bilateral hand subjective grip strength testing. He states it is due to hands

2

pain. He is able to hold the walker tightly to get up from sitting and get on and off the examination table. It is not consistent with bilateral hand grip strength testing, ([Filing No. 13-1 at 37](#));

….

His performance during the examination is not quite consistent with his history. His performance during the examination is not quite consistent at different times. I am not sure of the effort…Additional information is needed regarding the back pain and neuropathy. ([Filing No. 13-1 at 38](#).)

Mr. Fidell was under the care of his treating physician, Abdelmessiah (Michael) Guirguis M.D., ("Dr. Guirguis") from (at least) 2011 through the time of Mr. Fidell's hearing. ([Filing No. 13-1 at 122](#).) On July 3, 2014, Dr. Guirguis filled out an "IME Doctor's Estimate of Physical Capacities" form ("IME form"), which instructed the physician to "complete the following items based on [his] clinical evaluation of the claimant and other testing results." ([Filing No. 13-2 at 103](#).) Dr. Guirguis indicated that Mr. Fidell could, during an eight-hour workday: sit for one hour at a time; stand for less than ten minutes at a time; and walk for two to three minutes at a time. (*Id.*) Dr. Guirguis indicated that during an eight-hour workday, Mr. Fidell could sit for a total of four hours, but left the questions blank regarding how many hours Mr. Fidell could stand or walk. (*Id.*) Dr. Guirguis also reported that Mr. Fidell could "seldom" lift or carry objects, but he left blank the sections designating what weight Mr. Fidell could lift or carry. (*Id.*)

Dr. Guirguis also made the following indications, by checking boxes corresponding with each question:

> Mr. Fidell could not use his hands for repetitive tasks, such as grasping, pushing and pulling, and fine manipulation;
>
> Mr. Fidell could not bend, crawl, or climb, but could occasionally squat and reach above shoulder level;
>
> Mr. Fidell had no restrictions involving unprotected heights, being around moving machinery, or exposure to marked changes in temperature and humidity;
>
> Mr. Fidell had restrictions on driving automotive equipment, but Dr. Guirguis did not follow the form's prompt to further explain that restriction.

3

(Filing No. 13-2 at 103.) Dr. Guirguis left blank the two lines in the section titled "Remarks." The IME form, along with Mr. Fidell's medical records from his treatment with Dr. Guirguis, were submitted in support of his claim.

Using the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4), the ALJ ultimately concluded that Mr. Fidell is not disabled. (Filing No. 13 at 30.) At step one of the analysis, the ALJ found that Mr. Fidell meets the insured status requirements of the Act through March 31, 2012 and has not engaged in substantial gainful activity[2] since his amended alleged onset date of May 24, 2011. (Filing No. 13 at 20.) At step two of the analysis, the ALJ found that Mr. Fidell has the following severe impairments: cervical and lumbar degenerative disc disease, chronic obstructive pulmonary disease, asthma, neuropathy, arthritis, obesity, diabetes, a mood disorder NOS, and borderline intellectual functioning. (Filing No. 13 at 20.)

At step three, the ALJ found that Mr. Fidell does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Filing No. 13 at 23.) The ALJ considered various listings, but ultimately found that Mr. Fidell did not meet any of them. (Filing No. 13 at 23-25.) After step three but before step four, the ALJ found that Mr. Fidell has the Residual Functional Capacity ("RFC") to work as follows:

> …perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), which is simple and routine. He can occasionally stoop, kneel, crouch or crawl; can never climb ladders, ropes or scaffolds; can occasionally climb ramps or stairs; can frequently reach (including overhead) with the upper extremities; can frequently handle and finger with the upper extremities; should avoid concentrated exposure to dust, fumes, gases, odors, or poorly ventilated areas; can perform no production rate pace work; and can tolerate occasional changes in a routine workplace setting.

---

[2] Substantial gainful activity is defined as work activity that is both substantial (i.e. involves significant physical or mental activities) and gainful (i.e. work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a).

(Filing No. 13 at 25-26.)

In making his RFC determination, the ALJ stated that he was:

> placing little weight on the physical capacities form completed by Dr. Guirguis on July 3, 2014. In this regard, Dr. Guirguis provides no objective clinical findings to support the severe degree of limitations set forth by him. Moreover, the overall record also does not support the severe degree of limitations set forth by him. As noted above, the claimant has not been fully compliant with treatment (such as continuing to smoke), and there is indication of some inconsistencies in the record, including the likelihood of less than optimal effort during the physical exam performed by Dr. Wang.

(Filing No. 13 at 12). At this stage of the analysis, the ALJ also concluded that:

> [a]lthough the claimant reports the need to ambulate with a walker, there is no objective indication from any physician that his allegation is accurate. The claimant's walker does not appear to be medically necessary, and there is no indication that it has been prescribed by any physician for mandatory use, including by Dr. Guirguis, as alleged by the claimant. Although the claimant used a rolling walker when examined by Dr. Wang, Dr. Wang reported to the effect that the claimant's need for a rolling walker is not consistent with his history.

(Filing No. 13 at 28).

At step four of the analysis, the ALJ concluded that Mr. Fidell was not capable of performing any of his past relevant work. (Filing No. 13 at 29.) At step five, the ALJ concluded that there are other jobs existing in the national economy that Mr. Fidell is able to perform, specifically as a clerk, laundry press operator, and cleaner/polisher. (Filing No. 13 at 30.) Based on these findings, the ALJ concluded that Mr. Fidell is not disabled as defined by the Act, and is therefore not entitled to the requested disability benefits. (Filing No. 13 at 30.)

## II. STANDARD OF REVIEW

Under the Act, a claimant is entitled to DIB or SSI if he establishes he has a disability. 42 U.S.C. §§ 423(a)(1)(E), 1382. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

5

U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A). To justify a finding of disability, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382(c)(a)(3)(B).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If disability status can be determined at any step in the sequence, an application will not be reviewed further. *Id.* At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 04.1520(c), 416.920(c).

At step three of the sequential analysis, the ALJ must determine whether the claimant's impairment or combination of impairments meets or equals the criteria for any of the conditions included in 20 C.F.R. Part 404, Subpart P, App'x 1 (the "Listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. Pt. 404, Subpart P, App'x 1. The Listings are medical conditions defined by criteria that the Social Security Administration has pre-determined to be disabling. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004); 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. Pt. 404, Subpart P, App'x 1. For each Listing, there are objective medical findings and other findings that must be met or medically equaled to satisfy the criteria of that Listing. 20 C.F.R. §§ 404.1525(c)(2)-(5), 416.925(c)(2)-(5).

If the claimant's impairments do not meet or medically equal a Listing, then the ALJ assesses the claimant's RFC for use at steps four and five. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). RFC is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008); 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five, the ALJ determines whether the claimant can perform any other work in the relevant economy, given his RFC and considering his age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see also* 42 U.S.C. §§ 423(d)(2)(A), 1382(c)(a)(3)(B). The claimant is not disabled if he can perform any other work in the relevant economy. 42 U.S.C. §§ 423(d)(2)(A), 1382(c)(a)(3)(B). The combined effect of all of a claimant's impairments shall be considered throughout the disability determination process. 42 U.S.C. §§ 423(d)(2)(B); 1382(c)(a)(3)(G). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner at the fifth step. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

If an ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the court must affirm the denial of benefits. *Barnett,* 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

### III. DISCUSSION

Mr. Fidell raises two claims of error by the ALJ. First, he asserts that the ALJ erred in failing to give controlling weight to the treating physician's medical opinion and failed to consider

7

the required factors in determining how much weight (given that it was not controlling) to assign the treating physician's opinion. (Filing No. 15 at 3.) Second, he contends that the ALJ failed to properly analyze the medical evidence regarding his need for a walker. The Court will address each claim in turn.

**A.    Treating Physician's Opinion and Weight Assigned to Treating's Physician's Opinion**

A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is: (1) supported by medical findings; and (2) consistent with substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2); *Skarbek v. Barnhart,* 390 F.3d 500, 503 (7th Cir. 2004). The ALJ concluded that Dr. Guirguis's opinion was neither supported by medical findings nor consistent with substantial evidence in the record. (Filing No. 13 at 28.)

As to the first element, the ALJ concluded that Dr. Guirguis's opinion was not supported by medical findings. (Filing No. 13 at 28.) According to the ALJ, Dr. Guirguis "provide[d] no objective clinical findings to support the severe degree of limitations set forth by him" in the IME form. (Filing No. 13 at 28.) Dr. Guirguis (for the sections he filled out), seems to have provided all of the information requested by the IME form. The form itself includes only one two-line section for "Remarks," and the form instructs the physician to complete it "based on [his] clinical evaluation of the claimant and other testing results." (Filing No. 13-2 at 103.) So the requirement that Dr. Guirguis's opinion be based on clinical findings appears to be built into the form itself.

This issue is not determinative, however, because the ALJ also concluded that the severe degree of Dr. Guirguis's findings were not supported by the record as a whole. (Filing No. 13 at 28.) This finding is supported by substantial evidence, so this Court finds no error in the ALJ's determination to not afford the treating physician's opinion controlling weight. The ALJ cites to the consultative examination report completed by Dr. Wang, in which Dr. Wang notes

8

inconsistencies with Mr. Fidell's self-reported symptoms and the behaviors Dr. Wang observed during the examination, (for example, Mr. Fidell's grip strength and the need to ambulate with a walker). Dr. Wang also questioned Mr. Fidell's effort during the examination. Elsewhere, the ALJ also discusses the State Agency medical consultants, who concluded that Mr. Fidell could perform a wide range of light work—a finding which is inconsistent with Dr. Guirguis's severe restrictions. ([Filing No. 13 at 28](#).) This constitutes substantial evidence in support of the ALJ's decision not to afford controlling weight to the treating physician's opinion.

However, "[a] decision to deny a physician's opinion controlling weight does not prevent the ALJ from considering it." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). A treating source's medical opinion that does not meet the requirements for controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527." SSR 96–2p, 61 Fed. Reg. 34490 (July 2, 1996). If an ALJ does not give the treating source's opinion controlling weight, he must apply the factors listed in § 404.1527(d) in determining what weight to assign to the opinion. *See Chambers v. Astrue*, 835 F. Supp. 2d 668, 676-78 (S.D. Ind. 2011). Those factors include: length of the treatment relationship and the frequency of examination, (d)(2)(i); the nature and extent of the treatment relationship, (d)(2)(ii); supportability with medical evidence, (d)(3); consistency with the record, (d)(4); specialization of the physician, (d)(5); and other factors of relevance, (d)(6). *See* 20 C.F.R. § 404.1527(d).

Mr. Fidell argues that the ALJ failed to consider the necessary factors in determining to place "very little weight" on Dr. Guirguis's opinion. The Court agrees. Here, the ALJ considered two of the listed factors, which overlap entirely with the factors to be considered in whether to give the opinion controlling weight. He considered none of the others. Though his discussion of that factor is brief he did consider the supportability with medical evidence, as described above.

And he considered the opinion's consistency with the record. However, the ALJ did not discuss the remaining factors—most notably the length, nature, and extent of the treatment relationship. Therefore, remand is appropriate because the ALJ failed to properly evaluate Dr. Guirguis's opinion by applying the required factors.

**B.      Use of Walker**

Mr. Fidell also takes issue with the ALJ's determination regarding his use of a walker. The ALJ concluded that "[t]he claimant's walker does not appear to be medically necessary, and there is no indication that it has been prescribed by any physician for mandatory use, including by Dr. Guirguis, as alleged by the claimant." (Filing No. 13 at 28.)

There is one at least indication in the record that Dr. Guirguis recommended the use of a walker. In the "Assessment/Plan" section of one set of Dr. Guirguis's treatment notes, he indicates that Mr. Fidell should "[c]ontinue using a walker." (Filing No. 13-2 at 82.) There is no notation for a walker in the "Prescriptions" section of the medical record. (Filing No. 13-2 at 82.) Because this case is being remanded, the Court need not make a determination on this issue. But on remand, should the ALJ make a finding regarding Mr. Fidell's use of a walker, he should be clear to indicate that he has considered the above notation by Dr. Guirguis.

### IV.  CONCLUSION

For the reasons set forth above, the final decision of the Commissioner is **REMANDED** for further proceedings consistent with this Entry, as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date: 3/1/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

10

DISTRIBUTION:

William Joseph Jenner
JENNER, PATTISON, HENSLEY & WYNN, LLP
jjenner@wjennerlaw.net

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov